DANIEL M. GERARD, Respondent, v. CROSS & BROWN COMPANY, Appellant.

Second Department, June 8, 1917.

Pleading — principal and agent — sufficiency of complaint in action by real estate broker against another broker for commissions — equitable claim upon quasi or constructive contract.

A complaint which, in effect, alleged that the plaintiff, a real estate broker, was employed by the owners of realty to effect a sale thereof upon agreement for five per cent commission; that he listed the property for sale with the defendant, another real estate broker, under an agreement to allow him two and one-half per cent of the commission for effecting a sale, and that the latter broker procured a purchaser and upon notifying the owners received the five per cent commission, states a claim in equity upon a *quasi* or constructive contract for the two and one-half per cent commission.

THOMAS and PUTNAM, JJ., dissented.

APPEAL by the defendant, Cross & Brown Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 4th day of December, 1916, overruling a demurrer to the complaint.

*Edwin L. Ryon,* for the appellant.

*Frederick W. Sparks,* for the respondent.

JENKS, P. J.:

I think that the Special Term was right in overruling the demurrer that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff complains that he is a real estate broker employed by the owners of realty to effect a sale of it, upon agreement for 5 per cent commission; that he " listed " the property " for sale " with the defendant, a real estate broker, accompanied by a letter to the defendant, dated December 14, 1915, wherein plaintiff wrote that he was the exclusive agent, that he would receive any offer that the defendant would make and put it before the owners, and added: " In case you can effect a sale,

will allow you 2½% commission;" that thereupon the defendant wrote on December 15th, in answer: "We beg to acknowledge receipt of yours of the 14th instant, relative to the block between Thompson and Nott Aves. and Rawson and Hill Streets, Long Island City, and note price of $150,000. We beg to assure you that we will use our best efforts to dispose of this property, and will be glad to submit any offers that we may receive." Plaintiff further complains that defendant, while said property was listed with it under the terms of said letter of December 14th, procured a purchaser, submitted his offer to the owners of the property with the result of a sale, and that the owners thereupon paid 5 per cent commission to the defendant. He sues to recover the excess of the 5 per cent over the 2½ per cent.

I think that we can spell out from the pleading a charge that the defendant agreed with the plaintiff that the defendant would strive to effect a sale of the property and that defendant would submit any offer that it might receive therefor to the plaintiff, on the consideration that the plaintiff would pay the defendant 2½ per cent commission in the event of a sale, but that the defendant, in violation of its agreement, submitted such an offer to the owners and as the result has secured 5 per cent commission therefor. I think that the plaintiff, beyond the peril of this demurrer, has pleaded a suit in equity upon a *quasi* or constructive contract, sometimes called an implied contract. In the language of KENT, J., in *Neilson* v. *Blight* (1 Johns. Cas. 205, 210): "The law will infer a promise by the defendant to pay the money, because in justice and good faith he was bound to do so, and gave the plaintiff reason to expect it."

The interlocutory judgment is affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of costs.

STAPLETON and BLACKMAR, JJ., concurred; THOMAS and PUTNAM, JJ., dissented.

Interlocutory judgment affirmed, with costs, with leave to defendant to plead over within twenty days on payment of costs.